IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ABC Products**,<br><br>   Plaintiff,<br><br>v.<br><br>**The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on the Attached Schedule A**,<br><br>   Defendants. | Case No.: _____<br><br>**JURY TRIAL DEMANDED** |

## VERIFIED COMPLAINT

Plaintiff ABC Products ("Plaintiff"), for its complaint against the Individuals Corporations, Limited Liability Companies, Partnerships, Unincorporated Associations, and others identified in the attached Schedule A ("Defendants"), hereby alleges as follows:

### NATURE OF THE CASE

1. This is an action for patent infringement against Defendants arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* including 35 U.S.C. § 271. Plaintiff brings this action to seek damages and injunctive relief arising out of Defendants' infringement of U.S. Patent No. US _____ ("the ▇ Patent"). A true and correct copy of the ▇ Patent is attached hereto as Exhibit A.

### THE PARTIES AND PATENT

2. Plaintiff ABC Products is a _____ Business Corporation having its principal place of business at _____

3. Plaintiff is the owner of all right, title, and interest in the ▇▇ Patent, including the right to recover past damages for infringement.

4. The ▇▇ Patent discloses and claims a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and was issued on ▇▇▇▇▇▇▇▇▇▇▇.

5. Plaintiff sells a product that embodies the ▇▇ Patent on www.amazon.com. Plaintiff provides notice of its patent right on its packaging.

6. On information and belief, Defendants are one or more individuals and/or business entities who reside outside of the United States, in countries including the People's Republic of China, Israel, Indonesia, Philippines, and Canada. Defendants conduct business throughout the United States, including with the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under Defendants' one or more Internet Stores. The Defendants have targeted the United States, including Illinois, and have offered to sell, and currently offer to sell, and on information and belief, have sold and continue to sell products that infringe upon Plaintiff's patent rights to consumers within the United States, including Illinois.

7. In particular, Defendants sell products that infringe upon the ▇▇ Patent through online marketplaces and merchant accounts at least on the websites amazon.com, Walmart.com, Alibaba.com, AliExpress.com, and eBay.com and potentially on their own fully interactive websites. Exemplary screenshots of some of Defendants' infringing offerings on these marketplaces are attached as Exhibit B.

## JURISDICTION AND VENUE

8. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores or merchant accounts listed in Schedule A attached hereto.

9. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ▬ Patent in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the same infringing products with minor variations as shown in the representative screenshots shown in Exhibit B.

10. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

11. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

12. Personal jurisdiction is proper in this Court pursuant to Fed. R. Civ. P. 4(k)(2) because Plaintiff's claims arise under federal law, Defendants are not subject to jurisdiction in any state's courts of general jurisdiction, and the exercise of jurisdiction over Defendants comports with due process based on their contact with the United States. Defendants, at least through their active efforts to sell their infringing products in the United States, have established minimum contacts with the United States such that maintenance of this suit does not offend traditional notions of fair play and substantial justice.

13. Specifically, Defendants have purposefully directed their infringing activities at residents of the United States and Illinois by directly targeting business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet Store(s),

operating under the Online Marketplace Accounts identified in Schedule A attached hereto. In particular, Defendants are reaching out to do business with United States and Illinois residents by operating one or more commercial, interactive Internet Stores through which United States and Illinois residents can purchase products featuring Plaintiff's patented invention.

14. Each of the Defendants have targeted sales from United States and Illinois residents by operating one or more online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products featuring Plaintiff's patented design to residents of the United States and Illinois.

15. Each of the Defendants is committing tortious acts in the United States (including Illinois) and is engaging in interstate commerce and has wrongfully caused Plaintiff substantial injury in the United States and the State of Illinois.

16. The claim for patent infringement asserted in this suit arises out of Defendants' activities within the United States.

17. Finally, the United States' assertion of personal jurisdiction over Defendants is reasonable and fair because any burden on Defendants is sufficiently outweighed by the United States' substantial interest in enforcing its federal patent laws and Plaintiff's interest in obtaining effective and convenient relief.

18. No competing United States forum exists (because the forum is the entire United States) for the consideration of competing substantive social policies of efficiency of resolution, and the United States' foreign relations policies with the countries where Defendants are located will not be hindered by the exercise of personal jurisdiction here.

19. Accordingly, personal jurisdiction over Defendants is properly exercised by this Court.

20. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(3) because Defendants do not reside in the United States and therefore may be sued in any judicial district herein.

21. Joinder of the Defendants is proper pursuant to 35 U.S.C. § 299 because, as outlined herein, Defendants' infringing acts arise out of the same transaction, occurrence, or series of transactions or occurrences related to the making, using, importing into the United States, offering for sale, or selling the same accused product or process.

<b>DEFENDANTS' INFRINGING ACTS</b>

22. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of online marketplaces and user accounts. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

23. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores demonstrating a series of interrelated acts of infringement. The Defendant Interne Stores include notable common features beyond selling the exact same infringing products, including the same or similar product images, the accepted payment methods, check-out methods, meta-data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, and the use of the same text and images.

24. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

25. On information and belief, e-commerce store operators like Defendants are also in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

26. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

27. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use, products that infringe directly and/or indirectly the ███ Patent, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

28. Defendants' infringement of the ███ Patent in the offering to sell, selling, or importing of the Infringing Products was willful.

29. Defendants' infringement of the ▮ Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is irreparably harming Plaintiff.

## COUNT I – PATENT INFRINGEMENT (35 U.S.C. § 271)

30. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-29 above.

31. As shown, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use, the same product that infringes directly and/or indirectly the ▮ Patent.

32. As shown in the example claim chart attached as Exhibit C, the products being sold by Defendants infringes at least Claim 1 of the ▮ Patent. The claim chart of Exhibit C is illustrative only and is made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds. Although the claim chart only includes Claim 1, Plaintiff alleges that Defendants have infringed each and every claim of the ▮ Patent.

33. Specifically, Defendants have infringed and continue to infringe each and every claim of the ▮ Patent by making, using, importing, selling, and/or offering to sell their infringing products in the United States without authorization or license from Plaintiff.

34. Defendants have profited by their infringement of the ▮ Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

35. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants' infringement of the ▮ Patent in connection with the offering to sell, selling, or importing of products that infringe the ▮ Patent, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions, as well as the lost sales and loss of repeat sales stemming from the infringing acts.

36. Defendants' infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

37. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of the ▮ Patent, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

38. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ABC Products respectfully seeks the following relief against Defendants:

A. A preliminary and permanent injunction enjoining, restraining, and ordering Defendants, and their officers, agents, servants, attorneys, and other persons who are in active concert or participation with them:

1. To cease making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use of any products that infringe upon U.S. Patent No. ▮▮▮▮▮▮.

2. To cease aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon U.S. Patent No. ▮▮▮▮▮▮

B. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms or distributors shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe U.S. Patent No. ▮▮▮▮▮▮.

C. That Judgment be entered against Defendants finding that they have infringed upon U.S. Patent No. ▮▮▮▮▮▮.

D. A finding that Defendants' infringement of U.S. Patent No. ▮▮▮▮▮▮ has been willful.

E. Damages for such infringement in an amount to be proven at trial, in no event less than a reasonable warranty pursuant to 35 U.S.C. § 284, together with interests and costs.

F. Judgment awarding Plaintiff treble damages under 35 U.S.C. § 284 for Defendants' willful infringement of U.S. Patent No. ▮▮▮▮▮▮

G. A finding that this case is exceptional under 35 U.S.C. § 285.

H. Plaintiffs' attorney's fees and costs.

I. Any and all other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated: June 27, 2023

Respectfully submitted,

/s/ Edward L. Bishop
Edward L. Bishop

9

ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Telephone: (847) 969-9123
Facsimile: (847) 969-9124

*Counsel for Plaintiff, ABC Products*

**VERIFICATION**

I, ▮▮▮▮▮▮▮▮▮▮, hereby certifies as follows:

1. I am the President of ▮▮▮▮▮▮▮▮▮▮. As such, I am authorized to make this Verification on ▮▮▮▮▮▮▮▮▮▮' behalf.

2. I have read the foregoing Verified Complaint, and, based on my personal knowledge and my knowledge of information reported to me by my subordinates and colleagues who report to me, the factual allegations contained in the Verified Complaint are true.

3. I certify under penalty of perjury under the laws of the United States of America that the foregoing statement made by me are true and correct.

Executed on: 6/26/2023