IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC PRODUCTS,<br><br>   *Plaintiff*,<br><br>  v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPO-RATED ASSOCIATIONS IDENTIFIED ON THE ATTACHED SCHEDULE A,<br><br>   *Defendants*. | No. 23 C 4131<br><br>Judge Virginia M. Kendall |

## ORDER

  Plaintiff ABC Products sells a drink caddy that secures drinks with a drawstring cord in an inner compartment section. They hold a corresponding U.S. Patent No. 11,445,840 ("the '840 Patent"), issued on September 20, 2022, with a priority date of September 16, 2019. (Dkt. 8 ¶ 4; Dkt. 34 at 4). On June 27, 2023, ABC Products brought an action for patent infringement against Defendants—internet merchants—under 35 U.S.C. § 271, seeking damages and injunctive relief under 35 U.S.C. §§ 283–84. (Dkt. 1). The Court issued a Temporary Restraining Order on July 6, 2023, (Dkt. 13), which was extended through August 13, 2023, (Dkt. 17). On August 2, 2023, ABC Products moved for a preliminary injunction, (Dkt. 28), which the Court granted as to non-appearing Defendants, (Dkt. 37). Defendant BonWeiry opposes the preliminary injunction and requests the Court deny it in its entirety. (Dkt. 34). For the following reasons, ABC Products's preliminary injunction [28] is granted in part as to Defendant BonWeiry and modified to exclude the asset freeze as to all other Defendants.

1

**DISCUSSION**

Section 283 of the Patent Act authorizes courts to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Trebro Mfg., Inc. v. Firefly Equip., LLC*, 748 F.3d 1159, 1165 (Fed. Cir. 2014) (quoting *Winter v. Nat. Res. Def. Counsil, Inc.*, 555 U.S. 7, 20 (2008)). "To obtain a preliminary injunction, a party must show that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest." *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016) (quoting *Winter*, 555 U.S. at 20). The first two factors—likelihood of success on the merits and irreparable harm—are the most important as a court may deny a motion for a preliminary injunction if "a party fails to establish *either* of the two critical factors." *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1556 (Fed. Cir. 1994) (emphasis in original). Moreover, as a motion for a preliminary injunction "involves substantive matters unique to patent law," the Court applies Federal Circuit law. *Revision Mil., Inc. v. Balboa Mfg. Co.*, 700 F.3d 524, 525 (Fed. Cir. 2012).

I.  **Likelihood of Success on the Merits**

    a.  **Infringement**

The key analysis is likelihood of success on the merits. *See, e.g.*, *Gao v. P'ships & Unincorporated Associations Identified on Schedule "A"*, No. 21 CV 4055, at *3 (N.D. Ill. Apr. 4, 2022). "To establish a likelihood of success on the merits, a patentee must show that it will likely prove infringement of the asserted claims and that its infringement claim will likely withstand the alleged infringer's challenges to patent validity and enforceability." *Metalcraft of Mayville, Inc. v.*

2

*The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017). "[A] plaintiff cannot meet his burden where the accused infringer raises a substantial question as to infringement or invalidity." *Scholle Corp. v. Rapak LLC*, 35 F. Supp. 3d 1005, 1009 (N.D. Ill. 2014) (citing *LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, 734 F.3d 1361, 1366 (Fed. Cir. 2013)).

Infringement of a utility patent "involves a two-step process: (1) 'the court determines the scope and meaning of the asserted claims'; and (2) 'the properly construed claims are compared to the allegedly infringing device.'" *Edge Sys. LLC v. Aguila*, 635 Fed. Appx. 897, 902 (Fed. Cir. 2015) (quoting *Mas-Hamilton Grp. v. LaGard, Inc.*, 156 F.3d 1206, 1211 (Fed. Cir. 1998)). Plaintiff need only show a likelihood of infringement of one or more claims of the asserted patent to show a likelihood of success. *Id.*; *Revision Mil.*, 700 F.3d at 526. Here, ABC Products alleges infringement of at least Claim 1 of its '840 Patent:

> 1. A drink caddy comprising:
>
> a first compartment section and a first cord extending into the first compartment section,
>
> wherein the first compartment section is configured to hold a drink,
>
> and wherein the first cord is size adjustable and configured to wrap around said drink to secure said drink within the first compartment section, and to reduce the risk of spilling during transport of the drink within said drink caddy.

(Dkt. 29 at 7).

ABC Products's distinctive utility patent consists of a "first cord extending into their first compartment section." (*Id.*; Dkt. 52 at 3). As ABC Products's outlines in its Claim 1 chart, Defendants, including BonWeiry, allegedly violated that patent because their products have a "rim defining the cavity of the first compartment," with a "separate cord extending into the cavity." (Dkt. 52 at 3; Dkt. 8-4 at 3). Thus, the Court understands the infringing behavior to include adding

3

an inner pocket to the caddy with a drawstring cord within it to ensure the drinks are more tightly secured. Examples of the infringing products are below:



(Dkt. 52-2 at 2).

But in their motion, BonWeiry does not challenge whether ABC Products will prove infringement; instead they argue that the '840 Patent is invalid. *See* Dkt. 34. Upon the evidence before the Court today, ABC Products has met their burden of showing a likelihood of success in proving BonWeiry's infringement of Claim 1.

    b. **Invalidity**

Utility patents enjoy a "presumption of validity." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328 (Fed. Cir. 2015). The alleged infringer has the burden to show a "substantial question of invalidity" by establishing the patent is "vulnerable." *Altana Pharma AG v. Teva Pharms. USA, Inc.*, 566 F.3d 999, 1006 (Fed. Cir. 2009). This inquiry requires less proof than the clear and convincing standard needed to establish invalidity at trial. *Id.* At this stage, the court only assesses the persuasiveness of the alleged infringer's evidence. *See Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, 676 F. Supp. 2d 752, 761 (E.D. Wis. 2009)

(citing *New England Braiding Co. v. A.W. Chesterton Co.*, 970 F.2d 878, 883 (Fed. Cir. 1992)). If that showing is made, "the patentee must show that the alleged infringer's defense lacks substantial merit." *New England Braiding Co.*, 970 F.2d at 883. BonWeiry argues that the '840 Patent is invalid based on anticipation and obviousness.

First, a claim is invalid as anticipated if "each and every limitation is found either expressly or inherently in a single prior art reference." *King Pharm., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1274 (Fed. Cir. 2010); 18 U.S.C. § 102(a) ("[T]he claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention."). BonWeiry provides three prior art references for sale on Amazon to demonstrate Claims 1 of the '840 Patent was anticipated:

- Reference 1: Diestco Unbreakable Cupholder With Front Mount1 – March 15, 2013



- Reference 2: kemimoto Bike Cup Holder2 – February 9, 2018



5

- Reference 3: Kemimoto Cup Holder3 – May 23, 2018



(Dkt. 34 at 4; 34-1–3).

BonWeiry argues these references, "all disclose a drink caddy with a compartment section configured to hold a drink and a cord extending into the compartment," and "disclose a cord that is size adjustable and configured to wrap around the drink to secure it." (Dkt. 34 at 4). From this, BonWeiry concludes that references 1–3 "all disclose each and every claim limitation," and were commercially available before ABC Products's September 16, 2019 priority date, making the '840 patent "vulnerable." *Id.*

As to anticipation, BonWeiry's prior art references do not engage with Claim 1 of the '840 Patent and the Court is unpersuaded by the quality of the evidence presented that purportedly provide prior art references predating ABC Products's priority date of September 16, 2019. Fatal to BonWeiry's arguments, the prior art references fail to engage with the '840 Patent's distinctive inner compartment with a cord extending into it. The prior art references that BonWeiry provides do not share the '840 Patent's "rim defining the cavity of the first compartment and a separate cord extending into that compartment." (Dkt. 52 at 3). Contrarily, the references show this "cord" is positioned on the "peripheral edge" and "defines the compartment," instead of "extending into" the first compartment. (*Id.*)

This failure alone dashes BonWeiry's hopes of raising a substantial question as to validity with the limited evidence before the Court. But the dates BonWeiry relies on to show anticipation

6

are also unreliable and unpersuasive. (*See* Dkt. 34 at 4). As ABC Products notes, the dates Bon-Weiry relies upon are Amazon listings' "Date First Available," which sellers can set to any date, thus undermining any indicia of admissibility under the current record.[1] (*See* Dkts. 52 at 2, 63 at 1–2).

To be sure, at the preliminary injunction stage "evidentiary rules are relaxed" and the court may consider hearsay. *Jeagr Ventures, LLC v. Does 1-54*, No. 21 CV 5900, 2022 WL 1450384, at *3 (N.D. Ill. May 9, 2022) (citations omitted). Yet, the Court must evaluate the persuasiveness of BonWeiry's evidence to determine whether they have raised a "substantial question of invalidity." Assessing the persuasiveness of the limited record before this Court, the Court cannot find that the prior art references BonWeiry supplies engage directly with Claim 1 of the '840 Patent or have sufficient reliability to raise a substantial question that the patent was anticipated.

Next, a claim is invalid as obvious "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious" at the time the invention as made "to a person having ordinary skill in the art." 35 U.S.C. § 103. The obviousness question is a legal one, based on underlying factual determinations. *See, e.g.*, *PharmaStem Therapeutics, Inc. v. Viacell, Inc.*, 491 F.3d 1342, 1359 (Fed. Cir. 2007). The Court must consider the following four factors to determine whether a claim is invalid as obvious: (1) the "scope and content of the prior art"; (2) "differences between the prior art and the claims at issue"; (3) "the level of ordinary skill" in the art; and (4) "[s]uch secondary considerations as commercial success, long felt but unsolved needs, failure of others*." Campbell Soup Co. v. Gamon Plus, Inc.*, 10 F.4th 1268, 1275 (Fed. Cir. 2021) (citing *Graham v. John Deere Co. of Kan. City*,

---

[1] In further support of the dates' unreliability, ABC Products flags that BonWeiry's submitted exhibits of product listings include reviews dated prior to the listed "Date First Available." (Dkt. 52-1; Dkt. 63 at 2). They also indicate that the product images have been altered or updated since 2020. (Dkt. 58-1 at 4; Dkt. 63 at 3).

7

383 U.S. 1, 17 (1966)).

The obviousness issue is less clear. Yet, the parties' limited evidence and analysis on this point makes a fulsome determination challenging at this stage. *Gao*, 2022 WL 1028926, at *5 ("[D]etermining whether patents are invalidated on anticipation or obviousness grounds is complex and does not easily lend itself to resolution in the few paragraphs of analysis offered by the parties.").

BonWeiry provides three further references and argues that "when combined with references 1-3," demonstrates the patent was "likely obvious." (Dkt. 34 at 5):

- Reference 4: US2014/0346176 – May 22, 2014 (Exhibit D)
- Reference 5: US2015/0257343 – January 26, 2015 (Exhibit E)
- Reference 6: USD525,877 – December 6, 2004 (Exhibit F)

Again, like prior art references 1–3, they display drink holders with drawstring cords surrounding the outer compartments. BonWeiry then baldly asserts that these prior art references include "every feature claimed in Claim 1" and "a first compartment section configured to hold a drink and a first cord extending into the first compartment section." (Dkt. 34 at 5). Yet, BonWeiry does not provide a claims chart for its obviousness arguments. (Dkt. 52 at 2); *c.f. Tactical Med. Sols., Inc. v. Karl*, No. 14 C 06035, 2019 WL 2435859, at *8 (N.D. Ill. June 11, 2019) ("[Defendant's] claim charts explain how the claims would have been obvious to a person of ordinary skill in the art at the time of invention."). In support of its obviousness challenge, BonWeiry argues that "such cords have long been used to secure objects in the upright position, and doing so is an obvious and simple solution." (Dkt. 34 at 6). This very well may be true. But the argument again fails to engage with Claim 1 of the '840 Patent. ABC Products's patent is for a cord "extending into the first compartment section," presumably insulating and providing better security than a cord just "configured to wrap around the drink and secure it." (*Id.* at 5). BonWeiry's undeveloped

8

obviousness arguments piggybacks off their earlier anticipation arguments and do not raise a "substantial question" regarding the '840 Patent's validity. *See Wu v. P'ships*, No. 21 CV 3558, 2021 WL 8314469, at *2 (N.D. Ill. Sept. 16, 2021).

The Court's view may shift once the parties have an opportunity to further develop evidence regarding their invalidity arguments. *See, e.g.*, *JVST Grp. v. Pioneer Pet Prod., LLC*, No. 22 CV 556, 2022 WL 16632620, at *5 (E.D. Wis. Nov. 2, 2022) ("[R]esolving such conflicts requires a more complete record."); *Jeagr Ventures*, 2022 WL 1450384, at *4. But based on this meager showing, the Court determines BonWeiry has not raised a substantial question of invalidity to render the '840 Patent "vulnerable."

## II. Irreparable Harm

Next, the irreparable harm to plaintiff must be "not fully compensable or avoidable by the issuance of a final judgment . . . in the plaintiff's favor." *Kraft Foods Grp. Brands LLC v. Cracker Barrel Old Country Store, Inc.*, 735 F.3d 735, 740 (7th Cir. 2013). Harm is irreparable if legal remedies are inadequate to cure it, meaning "the remedy must be seriously deficient as compared to the harm suffered." *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 545 (7th Cir. 2021) (citation omitted). But "the more likely it is the plaintiff will succeed on the merits, the less the balance of irreparable harms need weigh towards its side; the less likely it is the plaintiff will succeed, the more the balance need weigh towards its side." *Kraft Foods Grp.*, 735 F.3d at 740 (quoting *Abbott Lab'ys v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir.1992)).

As discussed, the Court finds there is a likelihood that ABC Products's will succeed on the merits. Further tipping the scales in support of irreparable harm, ABC Products argues that BonWeiry's infringing sales will lead to price erosion, lost sales, loss of market share, reputational harm (including loss of good will), loss of ongoing sales (such as replacements), and erosion of

9

exclusionary rights embodied in the '840 Patent. (Dkt. 29 at 3). While lost sales is not typically enough to render harm irreparable, *see Automated Merch. Sys., Inc. v. Crane Co.*, 357 F. App'x 297, 300 (Fed. Cir. 2009), ABC Products raises a number of other colorable irreparable harms. (*Id.*); *see Aria Diagnostics, Inc. v. Sequenom, Inc.*, 726 F.3d 1296, 1304 (Fed. Cir. 2013) ("'Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm'" (quoting *Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012))); *Life Spine, Inc.*, 8 F.4th at 546 (citing 11A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2948.1 (3d ed. 2002 & April 2021 Supp. ("Injury to reputation or goodwill is not easily measurable in monetary terms, and so often is viewed as irreparable."))); *Abbott Lab'ys*, 544 F.3d at 1362 (noting likelihood of loss of market position is evidence of irreparable harm).

Moreover, ABC Products states that BonWeiry is a "direct competitor[]" in the "home goods market," especially on Amazon. (Dkt. 29 at 10). Customers likely buy drink caddies from a single source and will buy replacements from that same source. (*Id.* at 11). The loss of potential first-time and repeat customers, as intangible as it is, weighs for a finding of irreparable harm. In fact, "it is precisely the difficulty of pinning down what business has been or will be lost that makes an injury 'irreparable.'" *Life Spine, Inc.*, 8 F.4th at 546 (quoting *Hess Newmark Owens Wolf, Inc. v. Owens*, 415 F.3d 630, 632 (7th Cir. 2005)).

Finally, ABC Products asserts that, without an injunction, "Defendants could continue to make infringing sales and regularly empty any domestic financial accounts, such as assets held by the third-party marketplaces, and move those funds outside of Plaintiff's and the Court's reach." (Dkt. 29 at 9). Defendants are located in foreign countries and sell their allegedly infringing products through online marketplaces, granting them "a certain level of anonymity." (*Id.*) Thus, ABC

Products's ability to collect damages through later legal remedies is bleak, at best. This factor also weighs in favor of injunctive relief. *See Peng v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 21 CV 1344, 2021 WL 4169564, at *3 (N.D. Ill. Sept. 14, 2021) (citing *Robert Bosch LLC*, 659 F.3d at 1155–56). The Court therefore finds that ABC Products will suffer irreparable harm absent a preliminary injunction.

### III. Remaining Factors

If the movant establishes the threshold factors, the court must then "engage in a balancing analysis, to determine whether the balance of harm favors the moving party or whether the harm to other parties or the public sufficiently outweighs the movant's interests." *Gao*, 2022 WL 1028926, at *3 (quoting *Whitaker v. Kenosha Unified Sch. Dis. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017)). BonWeiry does not address any factors other than likelihood of success on the merits. (*See* Dkt. 34). Thus, BonWeiry has failed to identify any hardships to weigh in their favor. Furthermore, the '840 Patent does not implicate any strong public interest, but the Court does acknowledge that there is a "strong public policy favoring the enforcement of patent rights." *PPG Indus. v. Guardian Indus. Corp.*, 75 F.3d 1558, 1567 (Fed. Cir. 1996). In sum, the balance of factors tilts in favor of granting ABC Products's preliminary injunction.

### IV. Asset Freeze

As a final point, ABC Products seeks an asset freeze of the balance in BonWeiry's Amazon account through its preliminary injunction. (Dkt. 34 at 6–8). "[A] district court may not issue an injunction freezing assets in an action for money damages where no equitable interest is claimed." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (citing *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999)). An asset freeze is appropriate in cases where equitable relief—such as an accounting and profits—is sought. *Id.*; *see also*

11

*Luxottica Grp. S.p.A. v. Zhiqiang Zhao*, No. 16 C 7988, 2017 WL 1036576, at *7 (N.D. Ill. Mar. 17, 2017) (unfreezing defendants' assets when plaintiffs sought only statutory damages); *LG Elecs., Inc. v. P'ships & Unincorporated Associations Identified in Schedule A*, No. 21 CV 2600, 2021 WL 8315935, at *3 (N.D. Ill. July 23, 2021) (declining to re-issue an asset freeze after determining accounting and profits are not available remedies in the patent context).

In their complaint, ABC Products requests damages under 35 U.S.C. § 284 for utility patent infringement. (Dkt 1 at 8–9). Upon trial, ABC Products would be entitled to damages consisting of a "reasonable royalty" of "the value of what was taken," which would be the "value of the infringing features of an accused product." 35 U.S.C. § 284; *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014). This statute, unlike the trademark and design patent context, does not provide for the equitable relief of accounting and profits. *Compare* 15 U.S.C. § 1117 *with* 35 U.S.C. § 284. Therefore, the Court declines to enforce the provisions of the preliminary injunction enforcing an asset freeze, Dkt. 39 ¶¶ 2, 6(b), as to all Defendants.

## CONCLUSION

For the foregoing reasons, the Court grants ABC Products's motion for preliminary injunction in part. Defendant BonWeiry is enjoined per the conditions set forth in the Court's prior order [28] granting ABC Products's motion for preliminary injunction, absent paragraphs 2 and 6(b) regarding the asset freeze.

Virginia M. Kendall
United States District Judge

Date: January 9, 2024